# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN EDWARD SCOTT, )
)
Petitioner, )
) 1:14CV483
v. ) 1:11CR236-1
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Brian Edward Scott, a federal prisoner, has brought a motion and supporting memorandum (Docket Entries 35 and 36)* seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On July 25, 2011, Petitioner was the subject of a three count indictment. (Docket Entry 1.) Counts One and Three charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (*Id.*, Counts One and Three.) Count Two charged him with possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (*Id.*, Count Two.) On December 7, 2011, Petitioner pled guilty pursuant to a plea agreement to Count Two, possession with the intent to distribute cocaine base. (Minute Entry 12/7/2011; Docket Entries 15 and 16.) Petitioner was sentenced to 156 months of imprisonment. (Docket Entry 21.) Petitioner's appeal was unsuccessful. *United States v. Scott*, 521 F. App'x 112 (4th Cir. 2013). Petitioner next filed the instant § 2255 motion. (Docket Entry 35.) The Government filed a response (Docket Entry 44) and Petitioner, in turn, filed a motion for leave to supplement his § 2255

---

* This and all further cites to the record are to the criminal case.

motion (Docket Entry 48) and a supporting memorandum of law (Docket Entry 49). The Court then stayed this matter, pending the resolution of *Beckles v. United States* in the United States Supreme Court. (9/14/2016 Minute Entry.) The Supreme Court has since rendered a decision, *Beckles v. United States*, 137 S.Ct. 886 (2017),[1] and this matter is now prepared for a ruling. *See* Rule 8, Rules Governing Section § 2255 Proceedings.

## Petitioner's Grounds

Petitioner's motion contains two grounds for relief. First, Petitioner contends that counsel was ineffective because he did not properly advise Petitioner prior to his change of plea regarding the potential sentence he faced. (Docket Entry 35, Ground One.) Second, Petitioner contends that counsel was ineffective by failing to properly advise him about filing a petition for writ of certiorari with the Supreme Court. (*Id.*, Ground Two.) As explained below, none of these contentions has merit.

## Discussion

### A. Petitioner's § 2255 Motion

#### Ground One

Petitioner contends that trial counsel misadvised him regarding the potential sentence he faced. (*Id.*, Ground One.) Specifically, Petitioner alleges

> [c]ounsel failed to explain sentencing ranges in event of conviction after trial or after plea. [Counsel] did not explain to me that I could be charged for the same state charges used to enhance my federal sentence. This particular failure on his behalf during the critical stage of sentencing denied me effective assistance.

---

[1] The previously ordered stay will therefore be lifted.

(Docket Entry 35, Ground One.)

In his supporting memorandum, Petitioner also alleges the

> absence of any advice concerning my right to a jury trial and the significantly inaccurate calculation of sentencing ranges for accepting a plea agreement. . . .
>
> Counsel advised petitioner that if he opted to precede [Sic] to trial by jury that petitioner would face a maximum of 240 months for possession with intent to distribute 10.7 grams cocaine base ("crack") under 21 U.S.C. 841(a)(1). The maximum sentence petitioner could have received under the Advisory United States Sentencing Guidelines for 10.7 grams of cocaine base ("crack") is 30-37 months. Counsel misled Petitioner by stating the gun counts would be dismissed and that I would be facing a range of about 74 to 120 months.
>
> . . . . [P]etitioner maintains that counsel's failure to correctly inform him about the maximum sentence he could have received was constitutionally deficient and prejudicial. With regard to prejudice petitioner contends that his counsel's error exposed him to at least (13) years longer than what counsel advised him about; and had petitioner been advised about the possible (13) sentence, petitioner would have executed his right to jury trial.

(Docket Entry 36 at 4-5.)

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have

3

merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Where, as here, "a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. [T]o rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations, quote marks omitted). Absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that

4

necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

Here, Petitioner's Rule 11 colloquy is a formidable barrier to his claim. As an initial matter, the plea agreement provided that Petitioner "shall be sentenced to a term of imprisonment of not more than twenty years." (Docket Entry 15 at 2.) Additionally, during Petitioner's Rule 11 colloquy, Petitioner acknowledged, under oath, that the Court could impose upon him a sentence more severe than he might anticipate based on any recommendation contained in the plea agreement. (Docket Entry 30 at 3, 7.) Petitioner further acknowledged that no one had made any threats or promises, other than those contained in the plea agreement, to induce him to plead guilty and that no one had attempted to force him to plead guilty against his wishes. (*Id.* at 7-8.) Petitioner next indicated that he understood that by pleading guilty he would receive a sentence of not more than twenty years. (*Id.* at 9.) Petitioner further acknowledged that he understood the maximum penalties that applied in this case. (*Id.*) Then, after the Court addressed the advisory sentencing guidelines, Petitioner indicated that he understood that his sentence could be different from any estimated range provided by his attorney and that the Court had the authority to impose a sentence more severe than the sentence called for by his guideline range. (*Id.* at 10-11.) Petitioner next indicated that he understood that he had the right to a trial by jury. (*Id.* at 12-13.) Petitioner also indicated that he was fully satisfied with the services of his attorney. (*Id.* at 5.) Petitioner asserted he understood the elements of the crime to which he was pleading guilty and that he was pleading guilty because he was, in fact, guilty. (*Id.* at 14-15.)

5

These assertions and acknowledgements, made under oath, present a formidable barrier to Petitioner's ground for relief. Petitioner asserts that he was not informed of his right to a jury trial or of the appropriate sentencing range he might face. However, as explained above, the Court informed Petitioner of both his right to a jury trial and the maximum sentence he could face. The Court also informed Petitioner that his sentence could be different from any estimated range provided by his attorney and that the Court had the authority to impose a sentence more severe than the sentence called for by his guideline range. Even assuming Petitioner's allegations are true, therefore, any error is harmless in light of the curative interaction between Petitioner and the Court at his change of plea.

Moreover, even assuming the truth of Petitioner's allegations, there is no reasonable probability that but for counsel's allegedly deficient conduct, Petitioner would not have pled guilty but would have gone to trial. Had Petitioner gone to trial, he would, more likely than not, have been convicted anyway of the drug charge to which he pled guilty.[2] Upon conviction, Petitioner would have lost his three point acceptance of responsibility guideline adjustment, raising his total offense level from a 29 to a 32, with a criminal history category of VI, thereby increasing his advisory guidelines range from 151-188 to 210-262 months of imprisonment. (*Compare* Docket Entry 50, PSR ¶¶ 27-29 & Sentencing Recommendation *with* U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2011).)

---

[2] Petitioner was detained during a traffic stop that turned into a *Terry*-frisk, fled from law enforcement for approximately 100 yards before being detained again, and when police retraced Petitioner's steps, they found the cocaine base in question. (Docket Entry 16; Docket Entry 50, ¶¶ 10-11.)

6

Petitioner would have also faced the strong possibility of conviction on the two felon in possession of a firearm counts as an armed career criminal, which were instead ultimately dismissed as part of the plea agreement.[3] (Docket Entry 31 at 47; Docket Entry 21.) This would have raised Petitioner's advisory guidelines range from an offense level of 32 to an offense level of 33 and with a criminal history category of VI, thereby increasing his guidelines range from 210-262 months of imprisonment to 235-293 moths of imprisonment. U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2011); U.S.S.G. § 4B1.4(b)(3)(B) and 4(c)(1). A reasonable defendant would not have rejected the plea agreement and gone to trial under such circumstances.

Petitioner may also be contending that counsel failed to advise him, prior to his change of plea in federal court, that any future sentence he might receive for then pending state charges could run consecutive to his ultimate federal sentence. If so, this argument fails too.

Specifically, as noted, Petitioner pled guilty in this Court pursuant to a plea agreement in December of 2011 and was sentenced to 156 months of imprisonment in April of 2012. (Docket Entries 15 and 21; Minute Entries 12/7/11 and 4/19/12.) At this point, there was

---

[3] On July 22, 2010, officers on foot patrol noted an odor of marijuana near Petitioner's vehicle. (Docket Entry 50, ¶¶ 6-8.) Two of the occupants fled. (*Id.*) One escaped, but the other was eventually detained and found to have a firearm, cocaine base, and close to $2000 in cash. (*Id.*) Petitioner stayed with the vehicle pending further investigation and, after being searched, was found to have more than $4000 in cash. (*Id.*) The vehicle was searched and a firearm was found under the driver's seat. (*Id.*) Next, on March 6, 2011, law enforcement was making an arrest, when Petitioner sped towards them in a vehicle. (*Id.* at ¶ 13.) The arrestee told the officer that Petitioner had a gun in the car. (*Id.*) Petitioner abruptly stopped near the officers and exited the vehicle. (*Id.*) Petitioner was placed under arrest for careless and reckless driving. (*Id.*) The officer's looked inside his car and found a firearm between the driver's seat and the center console. (*Id.*)

7

no existing state sentence to address. Thereafter, Petitioner pled guilty in May of 2013 in state court to pending charges of possession of a firearm by a felon (two counts) and for attaining habitual felon status (two counts), whereupon he received an 88 to 115 month sentence to be served consecutively to his 156 month federal sentence. (Docket Entry 44, Attach. 3.) However, by this time, Petitioner would have been aware of the disposition of his federal criminal case and the length of his federal imprisonment and, thus, the question of consecutive sentences could have been raised in state court, by state counsel, prior to the entry of a state guilty plea.[4]

In any event, even if counsel in this case did not forewarn Petitioner of the possible future consequences of any potential state sentence, a reasonable defendant would not have rejected the federal plea agreement and gone to trial. As explained, Petitioner faced a likely 151 to 188 month sentence if he pled guilty in federal court, but a likely 235 to 293 month sentence if he did not. And, in either event, Petitioner still faced the prospect of additional state time in prison upon conviction of the aforementioned state crimes. Therefore, a reasonable defendant aware of these circumstances would not have rejected the federal plea agreement and gone to trial under these circumstances. For all these reasons, Petitioner's ground for relief fails.

---

[4] Petitioner's state attorney was Ed Galloway and his attorney in this matter was Seth Allen Neyhart. (Docket Entry 44, Attach. 4, at 1-3.)

8

## Ground Two

Petitioner next argues that counsel failed to "fully advise [him] about petition of certiorari [which] fell below objective reasonableness thus re[n]dering counsel ineffective." (Docket Entry 35, Ground Two.) This claim amounts to an allegation that Petitioner did not receive a copy of the petition for writ of certiorari or adequately explain the grounds presented to the Supreme Court. (Docket Entry 36 at 6.)

Counsel has responded to the allegation that he did not send a copy of the petition for writ of certiorari in his attached affidavit. (Docket Entry 44, Attach. 4 at ¶ 28). In pertinent part, counsel states:

> Prior to the filing of his Section 2255 Petition, I was unaware that this had been an issue. Concurrent with this Affidavit, I have mailed a copy of the Petition for Certiorari to Mr. Scott. The Petition for Certiorari repeated the same issues brought before the Fourth Circuit. Thus, it is my belief that whether Mr. Scott had a copy at the time it was filed made no difference as to the outcome.

(*Id.*)

The Court agrees with the Government that no error occurred. Counsel pursued Petitioner's interests on appeal by filing a notice of appeal and a merits brief in the Fourth Circuit. *United States v. Scott*, 521 F. App'x 112 (4th Cir. 2013). Counsel later filed a petition for writ of certiorari in the Supreme Court and, concurrent with his affidavit, counsel advises he has mailed a copy to Petitioner. *Scott v. United States*, 133 S. Ct. 2786 (2013). In light of the foregoing, it is unclear how Petitioner suffered any prejudice by not receiving a copy earlier.

9

This is particularly so because the instant § 2255 motion was timely filed. 28 U.S.C. § 2255(f)(1).

Based on all of the foregoing, the Court agrees with the Government that Petitioner has failed to meet his burden. He has also failed to show that but for the attorney's errors he would have pled not guilty, and would have gone to trial. Therefore, his claims of ineffective assistance of counsel must fail.[5]

### B. Motion for Leave to Supplement

Petitioner has also filed a motion for leave to supplement his § 2255 motion in which he invokes *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docket Entry 48.) Prior to *Johnson*, an offense was deemed a "violent felony" under the ACCA's so-called "residual clause" if it was punishable by greater than one year of imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the United States Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

Nevertheless, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court held that the advisory sentencing guidelines, and specifically the career offender guidelines, are not

---

[5] Petitioner also indicates that he seeks to preserve a claim for relief under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) if it is found to be retroactively applicable on collateral review. (Docket Entry 36 at 7.) However, *Alleyne* does not apply retroactively on collateral review and, consequently, any *Alleyne* claim would fail for this reason alone. *See, e.g., United States v. Stewart*, No. 13-6775, 2013 WL 5397401, 1 n.1 (4th Cir. Sept. 27, 2013) (unpublished); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Condra*, No. 1:05CR00050, 2013 WL 4678165, at *2 n.4 (W.D.Va. Aug. 30, 2013) (unpublished). Beyond this, Petitioner fails to explain why he thinks *Alleyne* might apply here, nor can the Court discern any reason why it would. *Nickerson*, 971 F.2d at 1136.

10

subject to the type of vagueness challenge under the Due Process Clause of the Fifth Amendment of the United States Constitution that prevailed in *Johnson* regarding the ACCA, 18 U.S.C. § 924(e). 137 S.Ct. 886, 895 (2017). Therefore, like the petitioner in *Beckles*, Petitioner here cannot seek relief from his career offender sentence based on *Johnson*. Thus, while the Court will permit Petitioner to raise this issue, it affords him no relief.

## Conclusion

For all these reasons, Petitioner's § 2255 motion should be denied. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's motion to supplement (Docket Entry 48) is granted to the extent Petitioner seeks to amend his § 2255 motion to raise a *Johnson* claim.

**IT IS FURTHER ORDERED** that the previously ordered stay issued in this case on September 14, 2016 is lifted.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 35), as amended, be denied and that this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

June 1st, 2017